## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARIAN MICHALS, *et al.*,

         **Plaintiffs,**

    v.

CECILIA A. MEDINA LOPEZ,

         **Defendant.**

Case No. 20–cv–06196–CCC–ESK

OPINION AND ORDER

**KIEL, U.S.M.J.**

**THIS MATTER** comes before the Court on plaintiffs' motion for an order allowing substituted service upon defendant's insurance carrier (Motion). (ECF No. 5.) The Motion is **GRANTED** for the following reasons.

### BACKGROUND

The complaint was filed on May 21, 2020. (ECF No. 1.) Plaintiffs, who are New Jersey residents, were involved in an automobile accident with defendant, who is a Pennsylvania resident. (*Id.* at 2.) Plaintiffs have tried to serve defendant with the summons and complaint at 603 Rockbridge Road, Nazareth, Pennsylvania 18064 (Address), which, according to the police report, is defendant's address. (ECF No. 5–2 p. 1; ECF No. 5–4 p. 2.) Plaintiffs' efforts have not been successful. When plaintiffs' process server attempted service at the Address on May 30, 2020, the server was told there were "new homeowners at the address." (ECF No. 5–4 p. 7.) Thereafter, plaintiff received a response from the United States Postal Service (USPS) to their "request for change of address or boxholder", which indicated that defendant is "not known at given address." (ECF No. 5–4 p. 10.)

Geico Insurance (Geico) is defendant's auto-insurance carrier. (*Id.* at 11.) Geico has engaged in communications on defendant's behalf with plaintiffs' counsel, including settlement discussions, in an attempt to resolve plaintiffs' claims in this

matter.   (ECF No. 5-4 p. 11.)   Plaintiffs' Motion requests leave to serve defendant through Geico, under N.J. Ct. R. 4:4–4(b)(3).

## ANALYSIS

Personal service of a summons and complaint is "[t]he primary method of obtaining *in personam* jurisdiction over a defendant."   N.J. Ct. R. 4:4–4(a).   When personal service is impracticable, the plaintiff must demonstrate diligent inquiry in his "effort made to ascertain the defendant's whereabouts" in order to effectuate substituted or constructive service.   *Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000); N.J. Ct. R. 4:4–4(b)(3).   "There is no objective formulaic standard for determining what is, or is not, due diligence.   Instead … [it] is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant."   *Modan*, 327 N.J. Super. at 48.   "Plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service."   *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013).   Only then may the Court permit substituted service that is "consistent with due process of law."   *Nabi v. Childs*, No. 19–12872, 2019 WL 5800254, at *2 (D.N.J. Nov. 7, 2019) (citing NJ. Ct. R. 4:4–4(b)(3)).

In order to be consistent with due process of law, the proposed substituted mode of service must give reasonable notice to all interested parties.   *Marlabs Inc. v. Jakher*, No. 07–04074, 2010 WL 1644041, at *2 (D.N.J. Apr. 22, 2010).   Substitute service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."   *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).   The determination of reasonable notice "depends on each case's particular facts and circumstances."   *Nabi*, 2019 WL 5800254, at *3.

Here, plaintiffs have demonstrated reasonable diligence in their efforts to locate and serve defendant.   Plaintiffs tried to serve defendant at the Address in the police report.   (ECF Nos. 5–4).   *See Nabi*, 2019 WL 5800254, at *2 (acknowledging that attempted service at an address referenced in a police report is evidence of a

diligent effort at service).   When plaintiffs were told that "new homeowners [were at the] address," they retained Spartan Detective Agency to conduct a "skip search." (ECF No. 5–4 p. 9)   Plaintiffs also tried to obtain defendant's forwarding address through a request to the USPS.   (*Id.* p. 10.)   Courts in this District have concluded that the combination of employing a process server and searching for a defendant's address through Internet searches and postal service requests is diligent inquiry.  *See id.* at *2–3; *see also Gov't Emps. Ins. Co. v. Greenberg*, No. 14–02904, 2015 U.S. Dist. LEXIS 48573, at *9 (D.N.J. Sept. 16, 2020); *Dattalo v. Hampton*, No. 14–00290, 2015 U.S. Dist. LEXIS 21586, at *3–4 (D.N.J. Feb. 24, 2015).

Plaintiffs also provided notice to defendant's auto insurer, Geico.   Because an insurance carrier is required to defend a "cause of action which may potentially come within the coverage of [a defendant's] policy," an insurance carrier would need to notify a policyholder of a complaint.   *Nabi*, 2019 WL 5800254, at *3 (*quoting Hartford Ins. Grp. v. Marson Constr. Corp.*, 186 N.J. Super. 253, 257 (App. Div. 1982)).   Courts have found substituted service to insurance carriers to be constitutionally sufficient.   *See, e.g., Mullane*, 339 U.S. at 314; *Dattalo*, 2015 U.S. Dist. LEXIS 21586, at *2; *Musulin v. Gardner Fox Assocs.*, No. 11–00770, 2011 U.S. Dist. LEXIS 160874, at *9 (D.N.J Oct. 21, 2020).

Here, plaintiffs' counsel has communicated with Geico, and Geico has responded on defendant's behalf in an attempt to resolve the claims in this matter. (ECF No. 5–4 p. 11.)

Accordingly,

**IT IS** on this   **26th** day of **October 2020   ORDERED** that:

1.     The Motion (**ECF No. 5**) is **GRANTED**.   Plaintiffs are granted leave to serve defendant by substituted service on Geico.   Service shall be effectuated by

personal service and certified mail, return receipt requested, within 20 days of this Order.

       2.     The Clerk of the Court is directed to terminate the Motion at **ECF No. 5**.


                  _/s/ Edward S. Kiel_      
                  **EDWARD S. KIEL**
                  **UNITED STATES MAGISTRATE JUDGE**